UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JAYSON TAYLOR, KRYSTAL WONGWON-REGIS,
ANGEL BENITEZ, VICTOR NDUBUISI, and
PAMELA ALEXANDER, on behalf of
themselves and others similarly situated,        Index No. 19-CV-7086

                            Plaintiffs,        **COLLECTIVE ACTION COMPLAINT**

        -against-

NYC HEALTH + HOSPITALS and MITCHELL KATZ,
in his official capacity as President and Chief Executive
Officer of NYC HEALTH + HOSPITALS,

                            Defendants.
-------------------------------------------------------------------------X

       Plaintiffs, individually and on behalf of all others similarly-situated, by and through their attorneys, Robin Roach, General Counsel of District Council 37, AFSCME, AFL-CIO, Steven Sykes, of Counsel, and Robert J. Burzichelli, Greenberg Burzichelli Greenberg P.C., state the following as their Collective Action Complaint against Defendants NYC Health + Hospitals ("H+H") and Mitchell Katz:

## NATURE OF ACTION

       1.     This is a collective action for monetary and other relief to redress violations of the Fair Labor Standards Act ("FLSA" or "Act") by Defendant H+H for failing to pay proper overtime compensation. It is brought by six employees of H+H, on behalf of themselves and other similarly situated present and former employees of H+H, under Section 16 of the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

       2.     This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, and 28 U.S.C. § 1331.

1

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. A substantial part of the events and omissions giving rise to the claims occurred in this judicial district. H+H conducts business through its employees, including Plaintiffs, within this judicial district.

## PARTIES

4.     Plaintiff Jayson Taylor is a resident of Kings County, New York. H+H employs Plaintiff Taylor in the position of Behavior Health Associate at Woodhull Hospital's Behavior Health Department and has employed Plaintiff since 2016. Plaintiff Taylor is an employee engaged in commerce or the production of goods for commerce as defined in the FLSA. *See* 29 U.S.C. § 203(b), (e), (j).

5.     Plaintiff Krystal Wongwon-Regis is a resident of Springfield Garden, New York. H+H employs Plaintiff Wongwon-Regis in the position of Behavior Health Associate and has employed Plaintiff since January 2019. Plaintiff Wongwon-Regis is an employee engaged in commerce or the production of goods for commerce as defined in the FLSA. *See id.*

6.     Plaintiff Angel Benitez is a resident of Bronx, New York. H+H employs Plaintiff Benitez in the position of Behavioral Health Associate and has employed Plaintiff since 2015. Plaintiff Benitez is an employee engaged in commerce or the production of goods for commerce as defined in the FLSA. *See id.*

7.     Plaintiff Victor Ndubuisi is a resident of Bronx, New York. H+H employs Plaintiff Ndubuisi in the position of Service Aid at Jacobi Medical Center's Environmental Services Department and has employed Plaintiff full-time since January 2019. Prior to January 2019, Plaintiff was a temporary/agency worker. Plaintiff Ndubuisi is an employee engaged in commerce or the production of goods for commerce as defined in the FLSA. *See id.*

8.    Plaintiff Pamela Alexander is a resident of Kings County, New York.  H+H employs Plaintiff Alexander in the position of Patient Care Associate and has employed Plaintiff since approximately 2008.  Plaintiff began as a Patient Care Technician and became a Patient Care Associate in 2015.  Plaintiff Alexander is an employee engaged in commerce or the production of goods for commerce as defined in the FLSA.  *See id.*

9.    Each named Plaintiff gave his or her consent in writing to be a Plaintiff in this action and these written consents will be filed with this Court.  Each other person who will become a Plaintiff by "opting in" to this action will have their written consent also filed with this Court.  Each Plaintiff who opts-in is similarly situated to one or more of the named Plaintiffs.  Defendants treats or have treated the opt-in Plaintiffs in the same manner as the named Plaintiffs, as described below.  The named Plaintiffs bring this action on behalf of themselves and on behalf of the opt-in Plaintiffs.

10.    Defendant H+H is a not-for-profit municipal health care system organized pursuant to the laws of the State of New York.  H+H is an employer and an enterprise engaged in commerce or the production of goods for commerce as defined in the FLSA.  *See* 29 U.S.C. § 203(d), (r), (s).  H+H's principal office and headquarters is located at 125 Worth Street, New York, NY 10013.

11.    Defendant Dr. Katz is the current President and Chief Executive Officer of H+H and has served in these official capacities since January 8, 2018.  This action is brought against him in his official capacity.

## **FACTS**

12.    Defendants regularly assign Plaintiff Taylor to a 40-hour work schedule of 4:00 p.m. to midnight, five days per week.  However, Plaintiff Taylor often works in excess of 40

hours in a week.  When Defendants pay Plaintiff Taylor at a rate of time and one-half for these excess hours, Defendants fail to include various additions to Plaintiff Taylor's base wage, including a 10 percent night shift differential.  As a result, Defendants fail to compensate Plaintiff Taylor with the proper weighted average hourly rate at time and one-half in violation of the FLSA.

13.     Defendants regularly assign Plaintiff Wongwon-Regis to a 40-hour work schedule of 3:30 p.m. to midnight, five days per week.  However, Plaintiff Wongwon-Regis often works in excess of 40 hours in a week.  When Defendants pay Plaintiff Wongwon-Regis at a rate of time and one-half for these excess hours, Defendants fail to include various additions to Plaintiff Wongwon-Regis's base wage, including a 10 percent night shift differential.  As a result, Defendants fail to compensate Plaintiff Wongwon-Regis with the proper weighted average hourly rate at time and one-half in violation of the FLSA.

14.     Defendants regularly assign Plaintiff Benitez to a 40-hour work schedule of 7:30 a.m. to 4:00 p.m., five days per week.  However, Plaintiff Benitez often works in excess of 40 hours in a week.   When Defendants pay Plaintiff Benitez at a rate of time and one-half for these excess hours, Defendants fail to include various additions to Plaintiff Benitez's base wage including longevities and differentials.  As a result, Defendants fail to compensate Plaintiff Benitez with the proper weighted average hourly rate at time and one-half in violation of the FLSA.

15.     Defendants regularly assign Plaintiff Ndubuisi to a 40-hour work schedule of 11:00 p.m. to 7:30 a.m., five days per week.  However, Plaintiff Ndubuisi often works in excess of 40 hours in a week.  When Defendants pay Plaintiff Ndubuisi at a rate of time and one-half for these excess hours, Defendants fail to include various additions to Plaintiff Ndubuisi's base wage

including longevities and differentials. As a result, Defendants fail to compensate Plaintiff Ndubuisi with the proper weighted average hourly rate at time and one-half in violation of the FLSA.

16. Defendants regularly assign Plaintiff Alexander to a 40-hour work schedule of 4:00 a.m. to 12:30 a.m., five days per week. However, Plaintiff Alexander often works in excess of 40 hours in a week. When Defendants pay Plaintiff Alexander at a rate of time and one-half for these excess hours, Defendants fail to include various additions to Plaintiff Alexander's base wage including longevities and differentials. As a result, Defendants fail to compensate Plaintiff Alexander with the proper weighted average hourly rate at time and one-half in violation of the FLSA.

17. Plaintiffs and those similarly situated do not supervise other employees, and do not spend more than 50 percent of their time supervising other employees, acting with independence, or exercising independent discretion.

18. Plaintiffs and those similarly situated are responsible for their own work, do not have administrative or management responsibilities, and do not spend more than 50 percent of their working time on administrative or management responsibilities, as those terms are used in connection with the FLSA.

19. The duties of Plaintiffs and those similarly situated do not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

20. The work of Plaintiffs and those similarly situated require only minuscule amounts of discretion or independent judgment.

21. The work performed by Plaintiffs and those similarly situated is non-exempt work, as that term is used and defined in the U.S. Department of Labor's regulations promulgated under the FLSA.

22. Plaintiffs and those similarly situated are entitled to be paid at least one and one-half times their respective weighted average regular rates of pay for each hour in excess of 40 hours that they worked in any workweek pursuant to the FLSA.  *See* 29 U.S.C. § 207.

23. Defendants did not compensate Plaintiffs and those similarly situated with one and one-half times their weighted average regular hourly rate for hours worked in excess of 40 hours per workweek as required by the FLSA.  *See id.*

24. Defendants' failure to properly compensate Plaintiffs and those similarly situated for overtime hours as required by the FLSA is willful and systematic.

## **FIRST CAUSE OF ACTION**

25. Plaintiffs incorporate each of the above allegations into this cause of action.

26. As described above, Plaintiffs and others similarly situated are non-exempt employees.  As non-exempt employees, they are entitled to overtime wages of one and one-half times their weighted average regular hourly rates for each hour they work in excess of 40 hours in a given week.  *See* 29 U.S.C. § 207.

27. As set forth above, Defendants did not compensate Plaintiffs and those similarly situated with overtime wages that are consistent with the FLSA.

28. Defendants owe Plaintiffs and others similarly situated the overtime wages and liquidated damages mandated by the FLSA.  *Se* 29 U.S.C. §§ 207, 216.

29. Plaintiffs and those similarly situated are damaged in the amount of lost overtime wages.

30. Defendants' failure to properly compensate Plaintiffs and others similarly situated for their overtime hours as required by FLSA is willful within the meaning of the Act. *See* 29 U.S.C. § 255(a); 5 C.F.R. § 551.104.

31. Defendants know that they violated the FLSA or are acting with reckless disregard as to whether they violated the Act by failing to properly compensate Plaintiffs and those similarly situated for their overtime hours. *See* 29 U.S.C. § 255(a); 5 C.F.R. § 551.104.

32. Plaintiffs and those similarly situated are entitled to a judgment for actual damages, liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 216(b).

33. Plaintiffs bring this action on behalf of a collective of all current and former employees of H+H who were paid different rates for their regular work hours, and who have not been paid their weighted average rate of pay for each hour they worked in excess of 40 during a workweek. The members of the collective are readily identifiable through Defendants' records and should be afforded an opportunity to join the action.

## **TRIAL BY JURY**

34. Plaintiffs request a trial by jury on all claims asserted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order the case to proceed as a collective action under 29 U.S.C. § 216(b);

B. Order Defendants to make a complete accounting to Plaintiffs of the hours that each worked on a weekly basis and all payments each Plaintiff received in compensation for the three-year period preceding the commencement of this action;

C. Order Defendants to pay to Plaintiffs all unpaid wages due and owing because of Defendants' failure to compensate Plaintiffs at a rate of one and one-half their weighted average rate of compensation for each hour worked in excess of 40 during each workweek;

D. Order Defendants to pay liquidated damages pursuant to the FLSA;

E. Order Defendants to pay Plaintiffs' reasonable attorney's fees and costs; and

F. Grant Plaintiffs any other relief that the Court deems proper and just.

Dated: New York, NY
July 30, 2019

Greenberg Burzichelli Greenberg P.C.

By: /s/ Robert Burzichelli
Robert J. Burzichelli
Daniel Doeschner
225 Broadway, Suite 1515
New York, NY 10007
516-570-4343; rburzichelli@gbglawoffice.com
ddoeschner@gbglawoffice.com

ROBIN ROACH
General Counsel
District Council 37, AFSCME, AFL-CIO

By: /s/ Steven Sykes
Steven E. Sykes
Associate General Counsel
125 Barclay Street – Room 510
New York, NY 10007
212-815-1450; rroach@dc37.net;
ssykes@dc37.net